# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos. 97-3389, 97-3576, 97-3663, 97-4106
_____

| | | |
|---|---|---|
| Southwestern Bell Telephone Company, et al., | * * * | |
| Petitioners, | * * | |
| v. | * * | Order on Remand |
| Federal Communications Commission, et al., | * * * * | |
| Respondents. | * | |

_____

Submitted: August 3, 1999
Filed: December 27, 1999

_____

Before WOLLMAN, Chief Judge, BOWMAN and HANSEN, Circuit Judges.
_____

PER CURIAM.

These cases pend before this court on remand from the Supreme Court following the vacation of our original judgment, reported at 153 F.3d 597 (8th Cir. 1998). See Ameritech Corp. v. FCC, 119 S. Ct. 2016 (1999). The cases were remanded to us for further consideration in light of the Supreme Court's decision in AT&T Corp. v. Iowa Utilities Board, 119 S. Ct. 721 (1999) (Iowa Utilities Board II). The parties have filed numerous motions, resistances, and briefs with us suggesting what further disposition

we should make with respect to these cases. Having carefully considered the Supreme Court's decision in <u>Iowa Utilities Board II</u> and the parties' submissions, we have come to the following conclusions.

These cases involve the issue of whether or not "shared transport" is a "network element" as defined in section 153(29) of the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (codified at 47 U.S.C. § 151, et seq.) ("the Act") and, if so, whether or not it must be provided on an "unbundled basis," pursuant to section 251(c)(3) of the Act. Our original opinion in these cases held that the FCC's decision in its Third Order on Reconsideration declaring "shared transport" to be a "network element" and requiring incumbent local exchange carriers to provide it to new entrants on an "unbundled basis" comported with the Act, and with our prior decision, <u>Iowa Utilities Board v. FCC</u>, 120 F.3d 753 (8th Cir. 1997), which was then on appeal to the Supreme Court in <u>Iowa Utilities Board II</u>. <u>See</u> <u>Southwestern Bell Tel. Co. v. FCC</u>, 153 F.3d 597, 603-06 (8th Cir. 1998).

In <u>Iowa Utilities Board II</u>, the Supreme Court affirmed those portions of our prior decision, <u>Iowa Utilities Board v. FCC</u>, 120 F.3d 753 (8th Cir. 1997), where this court had approved the FCC's determination in Rule 319 of its First Report and Order, that certain challenged parts of an incumbent's local telephone system were "network elements." <u>See</u> 119 S. Ct. 721, 733-34 ("We agree with the Eighth Circuit that the Commission's application of the 'network element' definition is eminently reasonable.") The Supreme Court, however, in part III B of its opinion, vacated all of Rule 319 because the FCC had not adequately considered the "necessary" and "impair" standards contained in section 251(d)(2) of the Act when it directed that the designated network elements be "unbundled." <u>See</u> <u>id.</u> at 734-36.

While we had approved the FCC's implementation of the "necessary" and "impair" standards in our <u>Iowa Utilities Board</u> case, <u>see</u> 120 F.3d 810-12, and that portion of our opinion now stands reversed by the Supreme Court's decision in <u>Iowa</u>

2

Utilities Board II, we have always been careful to distinguish the two different concepts, i.e., whether an element is a "network element" and, if so, whether or not it must be "unbundled." Compare our separate discussions of "network element" and "necessary" and "impair" in Iowa Utilities Board, 120 F.3d at 808-10, 810-12. We were careful to draw the same distinction in the present cases the first time around. See 153 F.3d at 604. ("Logically separate from the FCC's designation of shared transport as a network element is the FCC's determination that incumbent LECs must make shared transport available to entrants on an unbundled basis. . .")

Having reviewed again our reasons for determining that "shared transport" is a "network element," as we explained in our prior opinion in these cases, see, in particular, part II A of our prior opinion, 153 F.3d at 602-04, and having carefully studied the Supreme Court's opinion concerning our prior determination concerning the FCC's application of the statutory "network element" definition as contained in Iowa Utilities Board II, we find no reason not to reissue our judgment that the FCC was correct when it determined in its Third Order on Reconsideration that "shared transport" is a "network element" as defined in section 153(29) of the Act.

However, our reading of the Supreme Court's decision in Iowa Utilities Board II compels us to conclude that part II B of our prior opinion, approving the FCC's determination that "shared transport" must be made available to new entrants on an "unbundled basis," cannot stand in the face of the Supreme Court's decision regarding the FCC's original interpretation of the "necessary" and "impair" standards. Accordingly, we must vacate that portion of the Third Order on Reconsideration which requires that "shared transport" be made available on an "unbundled basis" pursuant to section 251(c)(3). We believe that the same defects in analysis pointed out by the Supreme Court with respect to the FCC's interpretation of the "necessary" and "impair" standards contained in section 251(d)(2) of the Act in its First Report and Order also affected its decision in the Third Order on Reconsideration to require incumbents to

3

make the network element of "shared transport" available to new entrants on an unbundled basis pursuant to section 251(c)(3).

<u>ORDER:</u>

Accordingly, in compliance with the Supreme Court's order of remand,

It Is Hereby Ordered, Adjudged, and Decreed:

1.     Those portions and provisions of the FCC's Third Order on Reconsideration, Implementation of the Local Competition Provisions in the Telecommunications Act of 1996, 12 FCC Rcd. 12460 (1997) ("Third Order") which require the network element "shared transport" to be provided by incumbent carriers to new entrants on an "unbundled basis" pursuant to section 251(c)(3) of the Act, are vacated and remanded for further consideration by the FCC, to the extent it has not already done so in its Third Report and Order and Fourth Further Notice of Proposed Rulemaking released on November 5, 1999.

2.     All other portions and provisions of the Third Order, specifically including those portions and provisions which determine "shared transport" to be a "network element," are affirmed.

3.     Our previous opinion, reported at 153 F.3d 597, except for part II B thereof, is ordered reissued.

4.     The previously issued mandate is amended accordingly.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.